UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-00193 AGF |
| | ) | |
| JEFFREY DALE EISENBATH, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant JEFFREY DALE EISENBATH, represented by defense counsel Felicia Jones, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts I, II, III, and IV of the charge, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's Production, Receipt and Possession of Child Pornography between approximately November 2017 and January 2018, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3.  ELEMENTS:**

As to Counts I and II, the defendant admits to knowingly violating Title 18, United States Code, Section 2251(a), and admits there is a factual basis for the plea and further fully understands that the elements of the crime Production of Child Pornography are: (1) defendant knowingly used a minor to engage in sexually explicit conduct, (2) for the purpose of producing a visual depiction of such conduct, and (3) defendant actually transported the visual depiction in interstate commerce.

As to Count III, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Receipt of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly received (2) using any means or facility of interstate or foreign commerce, including by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

2

As to Count IV, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate commerce and were themselves transported in interstate commerce.

## 4.   FACTS:

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

1.      The defendant is a former employee of Adrenaline Zone in St. Charles, Missouri, within the Eastern District of Missouri.

2.      On January 8, 2018, the defendant surreptitiously placed a video camera recording device in the women's bathroom of Adrenaline Zone in attempt to secretly record young girls using the bathroom.

3.      On January 15, 2018, another employee of Adrenaline Zone discovered the recording device, and alerted detectives with St. Charles County Police Department.

4.      A subsequent examination of the recording device, including its internal Micro SD card, revealed several video files depicting a nude toddler and a nude minor female. The file names of these video files that been changed to names such as "Little girl" and "Mother daughter."

3

5.      On January 19, 2018, law enforcement obtained a valid Lincoln County search warrant for the defendant's residence in Troy, Missouri, within the Eastern District of Missouri.

6.      On January 22, 2018, while conducting surveillance of the defendant's residence in anticipation of executing the aforementioned search warrant, law enforcement observed the defendant leave his residence in his vehicle. Officers conducted a traffic stop and approached the defendant for questioning. Officers asked the defendant to accompany them in their police car and the defendant agreed to do so. The defendant was read his Miranda rights and the defendant stated that he understood them. During the interview, the defendant first denied placing the recording device in the bathroom, but then admitted that he had placed the camera in the bathroom to look at girls. The defendant stated that he had an Apple computer in his bedroom of his residence, and that he had pornography on an external hard drive that was also in his bedroom. The defendant denied having any child pornography at his residence. The defendant consented to a search of the residence.

7.      The defendant was escorted to his residence and he pointed out to officers where his Apple laptop computer and Western Digital My Passport external hard drive were located. Officers seized those items, and also discovered and seized two additional hard drives, an SD card, and five covert cameras that appeared to be clothes hooks.

8.      Later that same day, the defendant was interviewed by detectives with St. Charles County Police Department. The defendant was read his Miranda rights and the defendant stated that he understood them. During this interview, the defendant admitted that he placed a secret camera in the bathroom of Adrenaline Zone to look at girls. The defendant also admitted that he has a strong addiction to child pornography, and that there was a large amount of child pornography on the external hard drive that was seized from his bedroom. The defendant also

4

admitted that, while he was working at the Adrenaline Zone, he previously intentionally touched the breasts of a minor female while adjusting straps on her backpack.  The defendant admitted that he had touched minor females inappropriately on several occasions.  Finally, the defendant admitted to placing the secret recording device in the bathroom at his family's church in Troy, Missouri.

9.      On June 14, 2018, law enforcement obtained a valid federal search warrant for the defendant's Apple laptop computer and Western Digital My Passport external hard drive.  St. Charles County Police Department completed a forensic examination of these items.

10.     Forensic analysis of the defendant's Apple laptop computer revealed evidence that the defendant used this computer, including to search for child pornography.  Analysis revealed approximately 24 video files of child pornography on the defendant's Apple laptop computer, including the following:

a.      "Collection9-Video032._2780_3111new_awesome_1562_.mp4" – a graphic video file depicting, in part, a prepubescent minor female performing oral sex on a male until the male ejaculates into the minor female's mouth;

b.      "secrets.458.mp4" - a graphic video file depicting, in part, a prepubescent minor female in a lascivious display of her genitals;

c.      "collections-video019._clip_no.114.mp4" - a graphic video file depicting, in part, a prepubescent minor female in a lascivious display of her genitals and her vagina being digitally penetrated; and

d.      "collection6_video028.8_yo_2777_3111_and_1795_full_1108_chunk_2. mp4" - a graphic video file depicting, in part, a prepubescent minor female engaged in oral and vagina sex with an adult male.

5

11.     Forensic analysis of the defendant's Apple laptop computer also revealed several video files created between November 5 and 7, 2017, that depict, in part, nude minor females (Victim 1 and Victim 2) using a residential bathroom.  The defendant admits that he created these videos using a secret video camera that he had installed in the bathroom of an acquaintance's residence located in Pennsylvania, including at times when he was entrusted to babysit his acquaintance's minor female children.  The defendant further admits that he installed this video camera to secretly record minor females (Victim 1 who was then 10 years old, and Victim 2 who was then 13 years old) in a lascivious display of their genitals.  The defendant further admits that he then transported such video recordings from Pennsylvania to the Eastern District of Missouri.

12.     Forensic analysis of the defendant's Western Digital My Passport external hard drive, which was produced outside the State of Missouri, revealed approximately 6,412 images and 284 videos of child pornography, including the following:

a.      "8yo girl gets mouthful.mpg" - a graphic video file depicting, in part, a minor female performing oral sex on an adult male;

b.      "4yo Rape original sound.avi" - a graphic video file depicting, in part, a prepubescent minor female being vaginally penetrated by an adult male while she cries;

c.      "5yo willing-private ass play HQ+CU.avi" - a graphic video file depicting, in part, a prepubescent minor female in a lascivious display of her genitals and her vagina being digitally penetrated; and

d.      "5yo cum on pussy and bum.mpg" - a graphic video file depicting, in part, a prepubescent minor female in a lascivious display of her genitals.

6

13.     Some of the images on the defendant's Western Digital My Passport external hard drive depict sadistic or masochistic conduct, or other acts of violence.  Some of the images depict prepubescent minor children or children under the age of twelve.

14.     The internet is a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.  The internet is a means and facility of interstate and foreign commerce.

15.     In summary, the defendant admits to the following:

a.     Between on or about November 1, 2017, and on or about January 22, 2018, the defendant knowingly employed, used, persuaded, induced and enticed Victim 1, a minor female, to engage in sexually explicit conduct, that is the defendant secretly recorded Victim 1 in a lascivious display of her genitals in Pennsylvania, and thereafter transported such depictions in interstate commerce to the Eastern District of Missouri;

b.     Between on or about November 1, 2017, and on or about January 22, 2018, the defendant knowingly employed, used, persuaded, induced and enticed Victim 2, a minor female, to engage in sexually explicit conduct, that is the defendant secretly recorded Victim 2 in a lascivious display of her genitals in Pennsylvania, and thereafter transported such depictions in interstate commerce to the Eastern District of Missouri;

c.     Between on or about November 1, 2017, and on or about January 22, 2018, the defendant knowingly received more than 600 images of child pornography by and through use of the Internet and his Apple laptop computer, and those images were visual depictions involving minors engaging in sexually explicit conduct; and

d.     Between on or about January 1, 2018, and on or about January 22, 2018, the defendant knowingly possessed more than 600 images of child pornography that was produced

7

using materials that traveled in interstate and foreign commerce, to wit, a Western Digital My Passport external hard drive, said hard drive having been produced outside Missouri, and said hard drive contained child pornography.

## 5.   **STATUTORY PENALTIES:**

As to Counts I and II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Production of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than thirty years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than **life** and not less than five years.  **The defendant fully understands that the charge of Production of Child Pornography to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least fifteen years.**

As to Count III, the defendant fully understands that the maximum possible penalty provided by law for the crime of Receipt of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than 20 years and a fine of not more than $250,000.  The Court may also impose a period of supervised release of not more than **life** years and not less than five years.  **The defendant fully understands that the crimes to which a guilty plea is being entered, Receipt of Child Pornography, requires a mandatory minimum term of imprisonment of at least 5 years.**

As to Count IV, the defendant fully understands that the maximum possible penalty provided by law for the crime of Possession of Child Pornography to which the defendant is pleading guilty is imprisonment of not more than ten years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than **life** and not less than five years.

8

The defendant understands that the Court may impose the sentences to run consecutively (one after the other), or concurrently (at the same time).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other assessments, the Court may impose an assessment for each count of no more than:

(1)    $17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5), regarding the possession of, or access with intent to view, child pornography;

(2)    $35,000.00 if convicted of any other trafficking in child pornography offense as defined by § 2259(c)(3), which includes offenses under:
    i.    18 U.S.C. § 2251(d);
    ii.    18 U.S.C. §§ 2252(a)(1) through (3);
    iii.    18 U.S.C. §§ 2252A(a)(1) through (4);
    iv.    18 U.S.C. § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)); or
    v.    18 U.S.C.2260(b);

(3)    $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under:
    i.    18 U.S.C. § 2251(a) through (c) (production of child pornography);
    ii.    18 U.S.C. § 2251A (selling or buying of children);
    iii.    18 U.S.C. § 2252A(g) (in cases in which the series of felony violations involve at least one of the violations listed in this subsection);
    iv.    18 U.S.C. § 2260(a); or
    v.    any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

## 6.    U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

9

History Category.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.**  **Offense Conduct:**

**(1)**  **Count I – Production of Child Pornography**

**(a)**  **Base Offense Level:**  The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

**(b)**  **Chapter 2 Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

(i)  **Four (4)** levels should be added pursuant to §2G2.1(b)(1)(A) because the "offense involved a minor who had not attained the age of twelve years."

(ii)  It is the Government's position that **two (2)** levels should be added pursuant to 2G2.1(b)(5) because the minor was in the custody, care or supervisory control of the defendant.  The defendant disagrees with the application of this enhancement.

**(2)**  **Count II – Production of Child Pornography**

**(a)**  **Base Offense Level:**  The parties agree that the base offense level is **thirty-two (32)**, as found in Section 2G2.1(a).

**(b)**  **Chapter 2 Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

(i)  **Two (2)** levels should be added pursuant to §2G2.1(b)(1)(B) because the "offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years."

10

(ii)    It is the Government's position that **two (2)** levels should be added pursuant to 2G2.1(b)(5) because the minor was in the custody, care or supervisory control of the defendant.   The defendant disagrees with the application of this enhancement.

**(3)**    **Count III – Receipt of Child Pornography**

**(a)**    **Base Offense Level:**  The parties agree that the base offense level is **twenty-two (22)**, as found in Section 2G2.2(a)(2).

**(b)**    **Chapter 2 Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

(i)    **Two (2)** levels should be deducted because the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the defendant did not intend to traffic in, or distribute, such material;

(ii)    **Two (2)** levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

(iii)    It is the Government's position that **four (4)** levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence."   The defendant disagrees with the application of this enhancement.

(iv)    It is the Government's position that **five (5)** levels should be added pursuant to §2G2.2(b)(5), because the defendant engaged in

11

a pattern of activity involving the sexual abuse or exploitation of a minor. The defendant disagrees with the application of this enhancement.

(v)     It is the Government's position that **two (2)** levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material." The defendant disagrees with the application of this enhancement; and

(vi)     **Five (5)** levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

**(3)     Count IV – Possession of Child Pornography**

**(a)     Base Offense Level:** The parties agree that the base offense level is **eighteen (18)**, as found in Section 2G2.2(a)(1).

**(b)     Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i)     **Two (2)** levels should be added pursuant to §2G2.2(b)(2), because the "material involved a prepubescent minor or a minor who had not attained the age of 12 years;"

(ii)     It is the Government's position that **four (4)** levels should be added pursuant to §2G2.2(b)(4), because the "offense involved material that portrays (A) sadistic or masochistic conduct or other

12

depictions of violence." The defendant disagrees with the application of this enhancement;

(iii)    It is the Government's position that **five (5)** levels should be added pursuant to §2G2.2(b)(5), because the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.    The defendant disagrees with the application of this enhancement;

(iv)    It is the Government's position that **two (2)** levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material."  The defendant disagrees with the application of this enhancement; and

(v)    **Five (5)** levels should be added pursuant to §2G2.2(b)(7)(D), because the offense involved "600 or more images" of child pornography.

**b.**    **Chapter 3 Adjustments:** The parties recommend that the following adjustments, other than acceptance of responsibility, apply:

(1)    Counts I and II (Production of Child Pornography) do not group to any other counts pursuant to Section 3D1.2 because: the counts do not involve the same victim and the same act or transaction; the counts do not involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan; one count does not embody conduct that is treated as a specific offense characteristic in, or other

13

adjustments to, the guidelines to another of the counts; and Section 2G2.l, the guideline for Production of Child Pornography, is not one of the guidelines required to be grouped under 3Dl.2(d).

(2)     Counts III (Receipt of Child Pornography) and IV (Possession of Child Pornography) group pursuant to Section 3D1.2(d).

(3)     The offense levels for the counts are as follows:

(a)     For Count I (Production of Child Pornography) the offense level is thirty-eight (38), or thirty-six (36) if the Court does not apply any of the disputed enhancements.

(b)     For Count II (Production of Child Pornography) the offense level is thirty-six (36), or thirty-four (34) if the Court does not apply any of the disputed enhancements.

(c)     For Count III (Receipt of Child Pornography) the offense level is thirty-eight (38), or twenty-seven (27) if the Court does not apply any of the disputed enhancements, and for Count IV (Possession of Child Pornography) the offense level is thirty-six (36), or twenty-five (25) if the Court does not apply any of the disputed enhancements. Pursuant to Sections 3D1.1(a)(1), 3D1.2(d), and 3D1.3(a), the offense level for this group is thirty-eight (38), or twenty-seven (27) if the Court does not apply any of the disputed enhancements.

(6)     Pursuant to Section 3D1.4(a) (Determining the Combined Offense level),

Count I (Production of Child Pornography) counts as one (1) unit because it has the highest offense level.

14

(7)     Pursuant to Section 3D1.4(a) (Determining the Combined Offense Level),
Count II (Production of Child Pornography) and the group consisting of Counts III (Receipt of
Child Pornography) and IV (Possession of Child Pornography) each count as one unit, for a total
of two (2) units, because each is "equally serious" or from 1 to 4 levels less serious as the Group
with the highest offense level. If the Court does not apply any of the disputed enhancements, then
there would be a total of one (1) unit because Count II (Production of Child Pornography) is from
1 to 4 levels less serious than the Group with the highest offense level (Section 3D1.4(a)), and the
Group consisting of Counts III and IV (Receipt and Possession of Child Pornography) is
disregarded because it would be 9 levels less serious than the Group with the highest offense level
(Section 3D1.4(c)).

(8)     Pursuant to Section 3D 1.4 (Determining the Combined Offense Level),
**three (3)** levels should be added because the total number of units is three. This places the offense
level, after application of Section 3Dl.4, at **forty-one (41)**. If the Court does not apply any of the
disputed enhancements, then two (2) levels should be added because the total number of units is
two; thus placing the offense level, after application of Section 3D1.4, at thirty-eight (38).

    **c.**     **Repeat and Dangerous Sex Offender Against Minors**: It is the Government's
position that **five (5)** levels should be added pursuant to Section 4B1.5(b)(1) because "defendant's
instant offense of conviction is a covered crime ... and the defendant engaged in a pattern of activity
involving prohibited sexual conduct..."     First, defendant's instant offenses of conviction
(Production of Child Pornography) is a covered crime because it was "perpetrated against a minor
[Victim 1 and Victim 2], under ... chapter 110" of title 18, United States Code.  Second, the
defendant engaged in a "pattern of sexual activity involving prohibited sexual conduct" because
"on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a

15

minor." Therefore, the offense level, after the application of Section 4B1.5(b)(a), is **forty-six (46)**. The defendant disagrees with the application of this enhancement.

      **d.**    **Other Chapter 3 Adjustments:**

      **(1) Acceptance of Responsibility:** The parties agree that **three (3)** levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

      **(2)**    **Other Adjustments:**    The parties agree that the following additional adjustments apply: none.

      **c.**    **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is forty-three (43), or thirty-five (35) if the Court does not apply any of the disputed enhancements.

      **d.**    **Criminal History:**    The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

      **e.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have

foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

### 7.    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.    Appeal:**   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)    Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)    Sentencing Issues:**   In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b.    Habeas Corpus:**   The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

17

      **c.**    **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.    Mandatory Special Assessment:**    Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $400, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under –

(1)    Chapter 77 (relating to peonage, slavery, and trafficking in persons, including, but not limited to, 18 U.S.C. § 1591 (Sex trafficking of children by force, fraud, or coercion));

(2)    Chapter 109A (relating to sexual abuse);

(3)    Chapter 110 (relating to sexual exploitation and other abuse of children, including, but not limited to, 18 U.S.C. §2251(a) (production of child pornography) and 18 U.S.C. § 2252A (transportation, distribution, receipt, possession, or access with the intent to view child pornography));

(4)    Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2422(b) (enticement of a child) and 18 U.S.C. § 2423 (transportation of minors)); or

(5)     Section 274 of the Immigration and Nationality Act (8 U.S.C. 1324) (relating to human smuggling), unless the person induced, assisted, abetted or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of the law.

The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

**e.     Possibility of Detention:**  The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.     Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty. Under Section 2259(c)(3), the minimum amount of restitution per victim for each count if conviction is $3,000 for crimes occurring on and after December 7, 2018.

**g.     Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, including, but not limited to: one Apple laptop computer, one Western Digital My Passport hard drive, one micro SD card, one Toshiba hard drive, and five covert cameras, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United

20

States.  The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life.  The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence,

21

employment, or student status, or other relevant information.   Defendant shall comply with requirements to periodically verify in person said sex offender registration information.  Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.  If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.  Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation.  In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel.  The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

## 10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be

entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.   NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

23

2/18/2021
Date

_____
KYLE T. BATEMAN
Assistant United States Attorney

2/18/21
Date

_____
JEFFREY DALE EISENBATH
Defendant

2/18/21
Date

_____
FELICIA JONES
Attorney for Defendant

24